IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ALLEN STERNI, | ) | No. C 12-5145 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| NAPA STATE HOSPITAL DOES, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In his complaint, plaintiff alleges that "Doe" defendant refused to allow plaintiff to see "1370" and "forced medication" court orders, and refused to give plaintiff copies of those orders or allow him to report these refusals to the "proper authorities." (Compl. at 3.) Plaintiff has failed to allege that a right secured by the Constitution or the laws of the United States was violated. Accordingly, this claim is DISMISSED for failure to state a claim.

Plaintiff also alleges that on March 7, 2012, Dr. Jacques and Dr. Spivie forced plaintiff to take medication to restore his competency, which resulted in plaintiff being placed in five-point restraints and a week in walking restraints. Plaintiff claims that Dr. Jacques and other "Doe" defendants ordered high amounts of medication as a form of punishment. While there is a liberty interest in freedom from unwanted antipsychotic drugs, Washington v. Harper, 494 U.S. 210, 221-22 (1990), it is unclear whether plaintiff is complaining of the forced medication, or the resulting restraints, or the amount of medication. To that end, this claim is DISMISSED, and plaintiff will be given leave to amend to clarify this claim.

Plaintiff further claims that Dr. Sekhon refused to assist him in receiving double portion meals because he was underweight when he arrived at Napa State Hospital. Instead, alleges plaintiff, Dr. Sekhorn referred plaintiff to the dietician, who would send plaintiff back to Dr. Sekhon. The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. See Graves v. Arpaio, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam). Plaintiff implies that he lost weight while at San Joaquin County Jail, but does not assert that he received inadequate food to maintain health, much less that Dr. Sekhon or the dietician caused any such deprivation. Plaintiff has failed to allege that a right secured by the Constitution or the laws of the United States was violated. Thus, this claim is DISMISSED for failure to state a claim.

1    Plaintiff also claims that the Unit Supervisor, Mr. Lapage, forced plaintiff to submit to a
2 blood draw against plaintiff's beliefs.  Non-consensual extraction of blood implicates the Fourth
3 Amendment's protection against unreasonable searches and seizures.  See Skinner v. Railway
4 Labor Executives' Ass'n, 489 U.S. 602, 616 (1989).  Liberally construed, plaintiff states a
5 cognizable claim of a violation of his Fourth Amendment right.
6    Finally, plaintiff alleges that "Napa State Hospital police" would not verify the court
7 orders that forced plaintiff to take medication.  Plaintiff has failed to allege that a right secured
8 by the Constitution or the laws of the United States was violated.  Accordingly, this claim is
9 DISMISSED for failure to state a claim.
10   Plaintiff also lists "Doe" defendants.  Although the use of "John Doe" to identify a
11 defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th
12 Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior
13 to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity
14 through discovery to identify the unknown defendants, unless it is clear that discovery would not
15 uncover their identities or that the complaint should be dismissed on other grounds.  See id.
16 Should plaintiff discover the identities of the Doe defendants, he may move to amend his
17 complaint to include them in this action at a later date.

**CONCLUSION**

19 For the foregoing reasons, the court hereby orders as follows:
20 1.    Claims 1, 3, and 5 are DISMISSED for failure to state a claim.  Claim 2 is
21 DISMISSED with leave to amend.  Doe defendants are DISMISSED.
22 2.    If plaintiff can cure the pleading deficiency described above, he shall file an
23 AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
24 complaint must include the caption and civil case number used in this order (C 12-5145 RMW
25 (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must
26 indicate which specific, named defendant(s) was involved in each cause of action, what each
27 defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
28 Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an

1  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
2  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**
3  **amended complaint within thirty days and in accordance with this order will result in a**
4  **finding that further leave to amend would be futile and this action will proceed solely on**
5  **the cognizable claim found above.**

6        3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
7  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
8  in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
9  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
10  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

11        4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
12  court informed of any change of address by filing a separate paper with the clerk headed "Notice
13  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
14  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
15  of Civil Procedure 41(b).

16      IT IS SO ORDERED.
17  DATED: _____

               */s/ Ronald M. Whyte*
               RONALD M. WHYTE
18                United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Sterni145dwla.wpd     4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALLEN STERNI,

        Plaintiff,

  v.

NAPA STATE HOSPITAL et al,

        Defendant.

Case Number: CV12-05145 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Allen Sterni AL-7692
California Correctional Institution
Facility -D/ Dorm-5/Bunk #46U
Post Office Box 608
Tehachapi, CA 93581

Dated: December 19, 2012

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk