IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ALLEN STERNI, | ) | No. C 12-5145 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANT TO |
| v. | ) ) | FILE DISPOSITIVE MOTION OR NOTICE REGARDING |
| UNIT SUPERVISOR LAPAGE, | ) ) | SUCH MOTION |
| Defendant. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 19, 2012, the court dismissed most of the claims for failure to state a claim. The court dismissed the claims against Dr. Jacques and Dr. Spivie with leave to amend in order to clarify plaintiff's allegations. The court found cognizable plaintiff's claim that Unit Supervisor LaPage forced plaintiff to submit to a blood draw against plaintiff's beliefs, in violation of the Fourth Amendment. The court directed plaintiff that failure to file an amended complaint would result in the court automatically proceeding with the only cognizable claim initially found in plaintiff's complaint. Plaintiff has not filed an amended complaint.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.12\Sterni145srv.wpd

1  and all attachments thereto (docket no. 1), and a copy of this order to **Unit Supervisor LaPage**
2  at **Napa State Hospital**.  The clerk shall also serve a copy of this order on plaintiff and mail a
3  courtesy copy of the complaint to the California Attorney General's Office.

4        2.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure
5  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
6  Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on
7  behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the
8  cost of such service unless good cause is shown for his failure to sign and return the waiver
9  form.  If service is waived, this action will proceed as if defendant had been served on the date
10 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required
11 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
12 was sent.  (This allows a longer time to respond than would be required if formal service of
13 summons is necessary.)  Defendant is asked to read the statement set forth at the bottom of the
14 waiver form that more completely describes the duties of the parties with regard to waiver of
15 service of the summons.  If service is waived after the date provided in the Notice but before
16 defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on
17 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
18 whichever is later.

19       3.      No later than **ninety (90) days** from the date of this order, defendant shall file a
20 motion for summary judgment or other dispositive motion with respect to the cognizable claim
21 in the complaint.

22       a.      If defendant elects to file a motion to dismiss on the grounds that plaintiff
23 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
24 defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
25 F.3d 1108, 1119-20 (9th Cir. 2003).

26       b.      Any motion for summary judgment shall be supported by adequate factual
27 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
28 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**

1 **immunity found, if material facts are in dispute.  If defendant is of the opinion that this**
2 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
3 **date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    5.    Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    7.    All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

    9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

RONALD M. WHYTE
United States District Judge

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.12\Sterni145srv.wpd           3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALLEN STERNI,

        Plaintiff,

  v.

NAPA STATE HOSPITAL et al,

        Defendant.

Case Number: CV12-05145 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Allen Sterni AL-7692
California Correctional Institution
Facility -D/ Dorm-5/Bunk #46U
Post Office Box 608
Tehachapi, CA 93581

Dated: February 21, 2013

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk